UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 25-MJ-211** |
| | : | |
| **JOSHUA DAKARI LEVY,** | : | **VIOLATION:** |
| | : | **21 U.S.C. §§ 841(a)(1) and (b)(1)(D)** |
| Defendant. | : | **(Possession with Intent to Distribute** |
| | : | **Marijuana)** |
| | : | |
| | : | **22 D.C. Code § 4504(a)(1) (2001 ed.)** |
| | : | **(Carrying a Pistol without a License (Outside** |
| | : | **Home or Place of Business))** |
| | : | |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 924(d),** |
| | : | **21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)** |

## INFORMATION

The United States charges:

### COUNT ONE

On or about September 7, 2025, within the District of Columbia, **JOSHUA DAKARI LEVY**, knowingly and intentionally possessed with intent to distribute Marijuana.

(**Possession with Intent to Distribute Marijuana**, in violation of Title 21, United States Code, Section 21 U.S.C. §§ 841(a)(1) and (b)(1)(D))

### COUNT TWO

On or about September 7, 2025, within the District of Columbia, **JOSHUA DAKARI LEVY**, did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him, a Glock 23 .40 caliber pistol, without licenses issued pursuant to law.

(**Carrying a Pistol without a License (Outside Home or Place of Business)**, in violation of Title 22 D.C. Code, Section 4504(a)(1) (2001 ed.))

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One and Two of this Information, the Defendant **JOSHUA DAKARI LEVY** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2. Upon conviction of the offense alleged in Counts One and Two of this Information, the defendant **JOSHUA DAKARI LEVY** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Respectfully Submitted,

JEANINE F. PIRRO
United States Attorney

By:   */s/ David B. Liss*
David B. Liss
Special Assistant United States Attorney
D.C. Bar No. 90017629
601 D Street NW
Washington, DC 20530

(202) 680-4025
David.Liss2@usdoj.gov

3