**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | Case No.   1:25-CR-00384 |
| JOSHUA DAKARI LEVY | : | |
| Defendant | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

## I.    INTRODUCTION

On January 20, 2026, Mr. Levy pleaded guilty to a two-count Criminal Information

pursuant to a plea agreement executed on November 17, 2025. Count One charged Possession

with Intent to Distribute Marijuana (approximately 442 grams), in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(D). Count Two charged Carrying a Pistol without a License, in violation of

D.C. Code § 22-4504(a)(1).

A Presentence Investigation Report has been completed. There is no dispute that the

applicable United States Sentencing Guidelines ("USSG") range for Count One is 0 to 6 months

imprisonment. This calculation reflects a base offense level of 6 pursuant to USSG §

2D1.1(c)(17), a two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1),

and a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Mr. Levy has

a criminal history score of 0, placing him in Criminal History Category I.

As to Count Two, there is no dispute that the applicable District of Columbia Voluntary

Sentencing Guidelines range is 6 to 24 months imprisonment. However, the District's approach

to sentencing within the applicable "box" differs significantly from the USSG framework. The

1

"Master Grid," attached as Exhibit 1, places Mr. Levy—who is in Criminal History Category A—in a light-shaded box. In that box, a sentence of prison, a compliant long split, a short split, or probation is permissible, meaning guideline compliant.

In this Memorandum, Mr. Levy submits that a sentence of time served followed by 2 years of supervised release is appropriate to serve the sentencing purposes and factors set forth in 18 U.S.C. § 3553(a)].

## II.    STATEMENT OF FACTS

Mr. Levy accepts full responsibility for his criminal conduct as set forth in the Statement of Offense in Support of Guilty Plea and in ¶11-20 of the Presentence Report.

## III.    ARGUMENT

After consideration of the sentencing guidelines range, the four purposes of sentencing, the six factors contained in 18 U.S.C. § 3553(a) and the District of Columbia Voluntary Sentencing Guidelines, it is respectfully suggested that a sentence of time served and followed by a 2 year period of Supervised Release is sufficient but not greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553.

### A.  **Nature and Circumstances of the Offense and History and Characteristics of the Defendant Pursuant to 18 U.S.C. § 3553(a)(1)**

i.  *Mr. Levy's Background, Personal History and Characteristics*

Mr. Levy is a 20-year-old lifelong Prince George's County resident.  He has nine (9) siblings, most of whom live in Maryland.  Mr. Levy does not have any children and has never been married.  Mr. Levy has no criminal history and no history of gang involvement.

Until his early teenage years, Mr. Levy lived with his mother and stepfather in Bowie, Maryland.  His parents never married, but he has kept a close relationship with them to this day. He was raised in a safe, supportive environment and did not experience any abuse, neglect, or

2

violence.  However, Mr. Levy began using marijuana when he was around 13 years old.  At age 14, Mr. Levy's stepfather kicked him out of the house due to Mr. Levy's marijuana use.  He moved in with his father and stepmother in Lothian, Maryland, where he lives now.  Mr. Levy has robust family support, though his relationship with his stepfather suffered because of the incident described above.

Despite his struggle with marijuana in his early teenage years, Mr. Levy consistently had employment, beginning at McDonald's in Dunkirk while he was still a high school student.  Mr. Levy graduated from Southern High School in Harwood, Maryland in 2023.  He then attended Bladensburg Barber School in Bladensburg, Maryland, earning his diploma in 2024.  In 2024, Mr. Levy worked as a barber during the day and at UPS at night.  He then started cutting hair full-time and worked with his father, Duane Levy, occasionally.  At the time of his arrest in this case and through the present, Mr. Levy works for his father's landscaping business. Mr. Levy's father is particularly supportive of his son, and is fully committed to continuing that support for Mr. Levy through the conclusion of this case and in his future endeavors.

In his interview with the United States Probation Office, Mr. Levy reported that he smoked marijuana daily prior to his arrest and spent $60 - $75 per week on marijuana.  Though he has never received substance abuse counseling or treatment and denies it is necessary, his father believes that marijuana use has been excessive in the past and it is of significant concern to his family. Monitoring and treatment for substance abuse would be an appropriate and beneficial condition of supervised release in this case.

Mr. Levy was detained for 4 days after his arrest and then released on very restrictive home confinement beginning on September 11, 2025.  The court modified Mr. Levy's conditions of release on December 9, 2025, placing him on home detention status with a 7:00 p.m. – 7:00

a.m. curfew.  Pretrial Services has reported no infractions during the entirety of Mr. Levy's

release.

ii.  <em>The Nature and Circumstances of the Offense</em>

This offense occurred during the initial surge of Federal Officers and National

Guardsmen into the District of Columbia, which, the Defense believes, led to the Marijuana

charges being filed in Federal court and the Government's efforts to have the Defendant detained

pending trial. The incident itself began as a traffic stop conducted by over twenty (20) federal

officers from multiple agencies including the United States Marshals Service, the United States

Park Police and the Metropolitan Police Department, at approximately 8:00 p.m. on September

7, 2025.  Officers stopped Mr. Levy after observing him driving his Nissan Altima without

headlights and without a front tag.  Officers saw smoke and smelled burnt marijuana when Mr.

Levy rolled down the driver's side window.  When asked to exit the vehicle, Mr. Levy

cooperated and officers then observed a Glock 23 with an extended magazine under the driver's

seat.  Subsequently, officers discovered marijuana, plastic sandwich baggies, and two (2) digital

scales inside the car.

Throughout the traffic stop, Mr. Levy was compliant and respectful.  His behavior during

the encounter is particularly commendable and indicative of Mr. Levy's good character given the

number of federal officers who descended on the scene of a very routine traffic stop for a

suspected minor vehicle equipment violation.  Mr. Levy quickly took responsibility for his

actions.  He executed the Plea Agreement days after it was extended.

As noted above, Mr. Levy has no criminal history and therefore receives a criminal

history category score of 0 (Category I).  This places Mr. Levy in a statistical class of offenders

which the Sentencing Commission has recognized to have a far lower rate of recidivism.

4

Therefore, they represent a much lower risk of future danger to the community and thus the need for imprisonment to deter any future criminal activity is lower.  By virtue of his lack of any prior contact with the criminal justice system, Mr. Levy has shown that he is not the type of person to re-offend and that he is much more likely to successfully come out of this case to be a productive and law-abiding member of the community.  He has demonstrated by his actions while on release that he can abide by the court's orders and become a productive adult.

iii.   Other Sentencing Purposes and Factors

Mr. Levy needs treatment for marijuana abuse and mental health treatment to address a feeling of fear that he endures as a result of being robbed at gunpoint in 2024. Such mental health and drug treatment can best be provided and administered outside of the Bureau of Prisons.

The need for punishment and deterrence for this youthful, first offender has been addressed by his 4 day detention prior to release and the very restrictive conditions of house arrest which were initially imposed and in the continuing conditions that restrict Mr. Levy to work and limit his time out of his home to certain curfew hours.

Finally, a sentence of time served and supervised release would be a fair and non-disparate sentence given the fact that the relatively small quantity of marijuana involved in this case calls for a sentence of 0-6 months falling within the probation zone under the USSG and similarly in the District of Columbia Voluntary Sentencing Guidelines.

## IV.   CONCLUSION

After consideration of the Plea Agreement, sentencing guidelines range, the four purposes of sentencing and the six factors contained in 18 U.S.C. § 3553(a), it is respectfully suggested that the Court should sentence Mr. Levy to time served of 4 days and place him on

Supervised Release for 2 years. Such a sentence is sufficient but not greater than necessary to achieve the sentencing purposes of 18 U.S.C.§ 3553.

Respectfully submitted,

*Richard A. Finci*   /s/

Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721
D.C. Bar # 389-841

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2026, a copy of the *Sentencing Memorandum* was served via the electronic system to David B. Liss, Assistant U.S. Attorney, 601 D Street NW, Washington, DC 20530.

*Richard A. Finci*   /s/

Richard A. Finci, Esquire